**Opinion filed May 21, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00306-CR

_____

### ROY JAMES LITTLE III, Appellant

### V.

### THE STATE OF TEXAS, Appellees

---

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 24-067-DCCR-27275**

---

### M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Roy James Little III, of continuous sexual abuse of a child, a first-degree felony. TEX. PENAL CODE ANN. § 21.02(b), (h) (West 2026). The trial court assessed his punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for twenty-seven years. *Id.* § 21.02(h).

In a single issue, Appellant contends that the trial court erred when it denied his motion for mistrial because Appellant was deprived of the opportunity to

question the jury panel regarding *Brady*[1] material that the State disclosed after voir dire had concluded. We affirm.

## I. *Factual Background*

Voir dire in the case proceeded on Friday, October 18, 2024, with a jury trial scheduled to begin the following Monday, October 21. The morning of trial, and prior to the time the empaneled jury was scheduled to arrive, the trial court advised Appellant's trial counsel that the State had discovered an e-mail the previous evening from an out-of-state potential witness, Samuel Clifford Freeman, who claimed to possess exculpatory evidence. Freeman is Appellant's older brother. The State then disclosed the e-mail to Appellant and his trial counsel. Although Appellant moved for a mistrial, the State requested a continuance and the retention of the empaneled jury. The trial court denied Appellant's motion, granted a continuance, and reset the trial to November 18, with a pretrial hearing for November 14. The trial court memorialized its rulings in an order that granted Appellant's written, unopposed motion for continuance that was filed at the end of the day on October 21.

At the November 14 pretrial hearing, Appellant confirmed that Freeman would testify and announced "ready" for trial; he also renewed his motion for mistrial, which the trial court overruled. At trial, Appellant presented Freeman's favorable testimony. Freeman testified that, among other things, the first time he spoke to Appellant's trial counsel about the case was about a month before the October 21 trial date. After the close of evidence, the jury convicted Appellant of the charged offense.

## II. *Standard of Review*

We review a trial court's decision to deny a motion for mistrial for an abuse of discretion. *Hallman v. State*, 721 S.W.3d 307, 313 (Tex. Crim. App. 2025);

---

[1]*See Brady v. Maryland*, 373 U.S. 83 (1963).

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Hawkins*, 135 S.W.3d at 77 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.*

To measure an abuse of discretion for the trial court's failure to grant a mistrial, the Court of Criminal Appeals has adopted a three-factor test, which balances: "(1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment (likelihood of the conviction absent the misconduct)." *Lee v. State*, 549 S.W.3d 138, 145 n.8 (Tex. Crim. App. 2018) (citing *Hawkins*, 135 S.W.3d at 77); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

### III. *Analysis*[2]

Appellant contends that a mistrial was necessary because he was unable to address Freeman's potential testimony during voir dire, which only became known to him after the jury was empaneled. He argues that the late-discovered e-mail constitutes a *Brady* violation, the trial court's refusal to grant a mistrial improperly restricted his voir dire presentation, and this deficiency violates his right to due process as well as the Sixth Amendment's guarantees of effective assistance of counsel and trial before an impartial jury.

The State has a constitutional duty under *Brady* to timely disclose material, exculpatory evidence to the defendant. *Brady*, 373 U.S. at 87; *see Pena v. State*, 353

---

[2]We note that the parties' briefing leaves much to be desired, especially considering the routine nature of the issue. The State's brief, in particular—which does not even cite to a single authority—is woefully inadequate.

S.W.3d 797, 809–10 (Tex. Crim. App. 2011).[3]  To establish reversible error based on a *Brady* violation, Appellant must establish: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith conduct; (2) the withheld evidence is favorable to him; and (3) the evidence is material in that there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different.  *Hance v. State*, 714 S.W.3d 775, 821 (Tex. App.—Fort Worth 2025, no pet.) (citing *Pena*, 353 S.W.3d at 809); *see Ex parte Lalonde*, 570 S.W.3d 716, 724 (Tex. Crim. App. 2019) ("Incorporated into the third prong, materiality, is a requirement that [the] defendant must be prejudiced by the state's failure to disclose the favorable evidence.") (quoting *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006)).

We conclude that because the *Brady* material—the e-mail—was disclosed to Appellant and his trial counsel in time for them to sufficiently prepare, address, and use it during their presentation of evidence to the jury, the State's late disclosure did not prejudice him.  *See Gootee v. State*, No. 11-19-00077-CR, 2021 WL 824627, at *7 (Tex. App.—Eastland Mar. 4, 2021, no pet.) (mem. op., not designated for publication); *see also Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999) ("If the defendant received the material in time to use it effectively at trial, his conviction should not be reversed just because it was not disclosed as early as it might have and should have been."); *Palmer v. State*, 902 S.W.2d 561, 565 (Tex. App.—Houston [1st Dist.] 1995, no pet.); *Fitzgerald v. State*, No. 11-96-00202-CR, 1997 WL 33797948, at *2 (Tex. App.—Eastland May 15, 1997, pet. ref'd) (not designated for publication).

---

[3]The State likewise has a statutory duty to promptly disclose exculpatory evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h), (k) (West Supp. 2025).  However, Appellant's argument is limited to a constitutional violation under *Brady*.

4

In *Palmer*, the State disclosed the existence of an exculpatory witness after the conclusion of voir dire, and the defendant argued that this late disclosure prejudiced him in the same manner that Appellant now asserts: he would have conducted his voir dire and exercised his peremptory strikes differently considering the *Brady* material. *Palmer*, 902 S.W.2d at 563–65. The court of appeals rejected this argument and explained:

> Any revelation of previously undisclosed *Brady* material to the defense during trial would, we think, normally happen during the State's presentation of evidence to the jury, such that the defendant's loss of the opportunity to conduct voir dire or opening statement differently would seem to be a concomitant of nearly every disclosure of *Brady* material during trial—except for unusual instances in which the previously undisclosed *Brady* material were to come to light during the State's own voir dire or opening statement, through the State's own use, at that stage of the trial, of the evidence constituting *Brady* material. On this logic, the appellant normally would suffer loss of the opportunity to conduct voir dire or opening statement differently only where the State loses or foregoes that same opportunity, or utilizes it only subtly enough that the defense is not alerted to the possible existence of the evidence constituting *Brady* material. But where the State loses or foregoes that same opportunity, or utilizes it only that subtly, we find it difficult to envision a set of facts on which the defense's concomitant loss of that opportunity, standing alone, would detract from the defense so disproportionately as to create a probability sufficient to undermine confidence in the outcome of the proceeding.

*Id.* at 565–66.

Here, when the State disclosed that it had discovered Freeman's e-mail and the substance of his potential testimony, the trial court correctly granted a continuance and reset the date for the trial on the merits. "[T]he disclosure of *Brady* material at [or just before] trial gives the accused an opportunity to request a continuance to review the evidence, and this opportunity adequately satisfies the due process requirements of *Brady*." *Gootee*, 2021 WL 824627, at *7 (quoting *Cohen v. State*, 966 S.W.2d 756, 763 (Tex. App.—Beaumont 1998, pet. ref'd)); *accord*

*Perez v. State*, 414 S.W.3d 784, 790 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("The disclosure of *Brady* material during trial satisfies the requirements of due process '[i]f the defendant received the material in time to put it to effective use at trial.'" (alteration in original) (quoting *Palmer*, 902 S.W.2d at 565)).

Appellant presented Freeman's "favorable" testimony at trial, and Freeman testified that he had spoken to Appellant's trial counsel about the case approximately one month before the trial was originally scheduled to begin. *See Perez*, 414 S.W.3d at 789–90; *Palmer*, 902 S.W.2d at 565. We conclude that the trial court's grant of a continuance was the appropriate remedy to allow Appellant adequate time, which it did, to investigate the substance of the *Brady* material and develop a defense. *See Bowser v. State*, No. 04-16-00648-CR, 2018 WL 1831689, at *4 (Tex. App.—San Antonio April 18, 2018, pet. ref'd) (mem. op., not designated for publication). In this instance, the trial court did not abuse its discretion. *Id.*

Accordingly, we overrule Appellant's sole issue.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER
JUSTICE


May 21, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.